IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sean Bellamy,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:06-cr-01325-TLW<br>C/A No. 4:15-cv-02758-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Sean Bellamy. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge and was sentenced to 175 months incarceration on January 28, 2009. Judgment was entered on February 23, 2009. ECF No. 113. He did not file a direct appeal.

On April 21, 2015,[1] Petitioner filed a document alleging an error on his Presentence Investigation Report ("PSR"). ECF No. 134. On June 12, 2015, the Court issued an order stating that if he was seeking relief pursuant to § 2255, he needed to file on the proper forms and that any such properly-completed petition filed within 30 days of the date of the order would be construed as having been filed on the date of his initial filing. ECF No. 136. On or about July 9, 2015, he filed a § 2255 on the proper forms. ECF No. 138. Thus, pursuant to the Court's prior order, the

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

Court construes the filing date of his petition as April 21, 2015.

In Petitioner's § 2255 petition, he asserts that he was improperly classified as a career offender because one of his convictions was improperly classified as a predicate offense. ECF No. 138 at 5. Specifically, he asserts that the conviction listed in Paragraph 40 of the PSR—"Conspiracy—Possession/Use of Controlled Substances"—was not a predicate offense because he actually pled guilty to simple possession. *Id.*

The Government filed a response in opposition and a motion to dismiss, asserting that the petition should be dismissed as untimely. ECF Nos. 142, 143. Petitioner did not file a response.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.  Discussion

### A.  Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

3

> (3)      the movant was prevented from making a motion by such governmental action;
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

### 1.     *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1). His one-year statute of limitations began to run on March 5, 2009, the date his time to file a direct appeal expired.[2] Thus, under § 2255(f)(1), he had one year—until March 5, 2010—in which to file his petition. However, he did not file his petition until April 21, 2015—more than five years late. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

### 2.     *§ 2255(f)(2)–(4)*

The Court does not find that any triggering date set forth in § 2255(f)(2)–(4) applies to this case. Petitioner does not allege, much less establish, that any of these subsections apply to his case. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(2)–(4).

### B.     Equitable Tolling

Petitioner has not asserted that the doctrine of equitable tolling applies to this case, nor does the Court's review of the record indicate any basis to apply the doctrine to this case.

---

[2] At that time, a defendant had 10 days to file a notice of appeal. Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure has since been amended to give a defendant 14 days to file a notice of appeal.

## V.  Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 143, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 138, is **DENIED**.  This action is hereby **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 1, 2015
Columbia, South Carolina

---

[3] The Court also notes that Petitioner did not raise any issue regarding this predicate conviction at sentencing or on direct appeal.  Thus, even if his petition had been timely filed, it would have been subject to dismissal as procedurally barred.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).